UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

MICHAEL KESELICA             :
                                 :
        v.                  :       C.A. No. 15-379S
                                 :
FEDERAL BUREAU OF       :
INVESTIGATION, et al.       :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States District Court

On September 10, 2015, Plaintiff Michael Keselica filed a pro se Petition for a Writ of Mandamus against the Federal Bureau of Investigation ("FBI") pursuant to 28 U.S.C. §1361. (Document No. 1). Plaintiff seeks an Order directing the FBI to take certain actions "to perform their duties on behalf of [him]." (Document No. 1-8 at p. 2). Along with his Petition, Plaintiff filed an In Forma Pauperis Application seeking to proceed without prepayment of fees. (Document No. 2). The IFP Application has been referred to me for consideration.

For the reasons thoroughly outlined by Magistrate Judge Patricia A. Sullivan in another recent pro se filing by Mr. Keselica, the Court does not presently have adequate financial information from Mr. Keselica to evaluate his claim of indigency. See Keselica v. Home Care Med. Sys., Inc., C.A. No. 15-387ML (Memorandum and Order issued October 1, 2015). However, even assuming Plaintiff was eligible for IFP status, his Petition is still subject to screening under 28 U.S.C. § 1915(e)(2) and, for the following reasons, I recommend that Plaintiff's Petition for Writ of Mandamus be dismissed as frivolous and for failing to state any legally viable claims.

Section 1361, 28 U.S.C., grants this Court jurisdiction of "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a <u>duty owed</u> to the plaintiff." (emphasis added). Mandamus may issue when there exists a ministerial, clearly defined, and peremptory duty on the part of the defendant to do the act in question, and no other adequate remedy is available. <u>Cervoni v. Sec'y of HEW</u>, 581 F.2d 1010, 1019 (1st Cir. 1978). "The mandamus remedy is available only under exceptional circumstances of clear illegality." <u>Id.</u> It is also "well-settled that a writ of mandamus is not available to compel discretionary acts." <u>Cox v. Sec'y of Labor</u>, 739 F. Supp. 28, 30 (D.D.C. 1990).

Here, Plaintiff seeks an order compelling the FBI to (1) interview him and process a sworn affidavit from him for the crimes committed against him; (2) protect and enforce compliance of his civil rights; (3) shut down the blogs, voiding further harm, pending verification of the information in the blogs, as well as verification of the crimes, property damages and civil rights violations committed against him by this blog; and (4) to return to him the documents provided to FBI Special Agent Griffiths. (Document No. 1 at pp. 1-2). The blogs referenced by Plaintiff allege that he was involved in perpetuating a "home care scam" and identify him as a "criminal." (Document No. 1-1). The poster indicates that "I warned everyone I could and then I called the FBI. They were quite interested in this man and have a file on him now. He has so far, been to Illinois, Florida, Arizona, California, Texas, Massachusetts and several other states, having scammed several companies in each state. If you have information, or wish to report being taken by this guy, you can call your local FBI and tell them there is an [sic] file open in Boston." <u>Id.</u> at p. 5.

Plaintiff argues that "there is a binding mandate called the United States Constitution that requires the FBI to protect citizens from civil rights violation [sic] and federal crimes and to take a

statement from a citizen who has been the victim of a federal crime or civil rights violation."
(Document No. 1 at p. 9).  He faults the FBI for not giving him the opportunity to file a complaint
for these alleged crimes and for not protecting him from further harm by shutting down the blog.
Id.  The case law is clear that the FBI is not required to investigate every allegation of criminal
activity.  See William Van Allen v. Janet Reno, No. 1:99-CV-1849, 2000 U.S. Dist. LEXIS 19128
at *4 (N.D.N.Y. Dec. 18, 2000) (finding that a private citizen cannot compel a government agency
such as the Department of Justice or the FBI to open an investigation of alleged criminal activities).
"Several courts have held that the FBI's decision to investigate is a discretionary act, not a mandatory
one,...and hence have denied mandamus relief where a plaintiff sought to compel the FBI to
investigate a claim of alleged criminal activity."  Wightman-Cervantes v. Mueller, 750 F. Supp. 2d
76, 81 (D.D.C. 2010) (collecting cases).

Here, Plaintiff is seeking an order compelling the FBI to take a criminal complaint from him,
process the complaint and shut down the blogs which he claims are harming his interests.  Since
Plaintiff is plainly seeking to compel discretionary acts, his Petition for Writ of Mandamus must be
dismissed.  Also, Plaintiff has not shown that he has no other adequate legal remedy to address the
allegedly offending blogs.  His Petition is frivolous and, even according him the deference due to
pro se filings, he fails to state any potentially viable legal claims for mandamus relief.

**Conclusion**

For the foregoing reasons, I recommend that Plaintiff's Petition for Writ of Mandamus be
DISMISSED pursuant to 28 U.S.C. § 1915(e)(2) as frivolous and for failing to state any legally
viable claims.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt.  See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision.  See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

   /s/   Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
October 5, 2014