UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                   )
MICHAEL KESELICA,                  )
                                   )
        Plaintiff,                 )
                                   )
    v.                             )   C.A. No. 15-379 S
                                   )
FEDERAL BUREAU OF                  )
INVESTIGATION, et al.,             )
                                   )
        Defendants.                )
                                   )
_____)

**ORDER**

WILLIAM E. SMITH, Chief Judge.

    On October 5, 2015, Magistrate Judge Lincoln D. Almond issued a Report and Recommendation ("R&R") (ECF No. 3) on Plaintiff's Petition for Writ of Mandamus ("Petition"), recommending that it be dismissed pursuant to the Court's screening authority under 28 U.S.C. § 1915(e)(2).  Plaintiff timely objected to the R&R on October 19, 2015 ("Objection").  (ECF No. 4.)  For the reasons that follow, the Court OVERRULES the Objection and ACCEPTS the R&R pursuant to 28 U.S.C. § 636(b)(1).

I.   Background

    Plaintiff's Petition stems from an alleged failure by the FBI to address Plaintiff's complaints about blog posts concerning Plaintiff and his purported business.  Through a series of letters, Plaintiff requested the Government investigate the blog's alleged

crimes. The U.S. Attorney's Office, while acknowledging receipt of Plaintiff's letters, notified him that it did not plan to take action against the blog. (Ex. C to Pl.'s Pet., ECF No. 1-3.) Plaintiff persisted, appearing on October 2, 2014 at the U.S. Attorney's Office in Providence, where he again presented the alleged crimes committed against him. (Pl.'s Pet. 3-4, ECF No. 1.) The FBI declined to interview or take Plaintiff's statement.

With the Government's decision not to act, Plaintiff turned to this Court for issuance of a writ of mandamus ordering the FBI to initiate an investigation, interview him, and shut down the blogs. (ECF No. 1). After carefully considering Plaintiff's allegations, Magistrate Judge Almond recommended dismissing Plaintiff's Petition pursuant to 28 U.S.C. § 1915(e)(2) as frivolous and for failure to state any legally viable claims. Magistrate Judge Almond's recommendation is well founded.

II. Application

Under 28 U.S.C. § 1361, the Court has jurisdiction over "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." "Mandamus may properly issue when three elements are present: (1) a clear right in the plaintiff to the relief sought; (2) a plainly defined and preemptory duty on the part of the defendant to do the act in question; and (3) no other adequate remedy available." Cervoni v. Sec'y of HEW, 581 F.2d

2

1010, 1019 (1st Cir. 1978). But "[t]he mandamus remedy is available only under exceptional circumstances of clear illegality." Id. And it is "well-settled that a writ of mandamus is not available to compel discretionary acts." Cox v. Sec'y of Labor, 739 F. Supp. 28, 30 (D.D.C. 1990).

Here, Plaintiff's mandamus petition asks the Court to order the FBI to investigate his complaint and take action on his behalf. Problematic for Plaintiff's petition, however, is that the FBI's decision to investigate or not to investigate alleged criminal activity is a discretionary act and mandamus relief is generally improper to compel such investigations. See, e.g., Wightman-Cervantes v. Mueller, 750 F. Supp. 2d 76, 81 (D.D.C. 2010) (collecting cases); Gant v. FBI, 992 F. Supp. 846, 848 (S.D. W.Va. 1998). Magistrate Judge Almond, thus, did not err in recommending denial of Plaintiff's writ petition.

Further, as Magistrate Judge Almond pointed out, Plaintiff has failed to show that there is no other adequate remedy available to him to alleviate the alleged harm created by the blog. In its December 21, 2015 letter, the U.S. Attorney's Office noted that Plaintiff was free to seek a remedy regarding the allegedly harmful blog material via a defamation lawsuit against the bloggers or the FBI for what Plaintiff perceives as complicity in the defamatory material. (Ex. C to Pl.'s Pet., ECF No. 1-3.) Consequently, Plaintiff has failed to show he has no other adequate legal remedy

with regard to the allegedly harmful blogs, providing an alternative basis for denying his mandamus petition. See Cartier v. Sec'y of State, 506 F.2d 191, 199 (D.C. Cir. 1974) ("[T]he alternative remedies that might call for refusal to resort to writ of mandamus encompass judicial remedies, as well as administrative ones." (internal citations omitted)).

Finally, though not considered in the R&R, Plaintiff asks this Court to issue a writ compelling the FBI to return certain documents to him. The Court denies this request. As noted above, the mandamus remedy is only available under exceptional circumstances. This is not such a circumstance.

III. Conclusion

For the foregoing reasons, Plaintiff's Objection is OVERRULED and the Report and Recommendation is ACCEPTED pursuant to 28 U.S.C. § 636(b)(1). Plaintiff's Petition is DISMISSED.

IT IS SO ORDERED.

/s/ WESmith
William E. Smith
Chief Judge
Date:  February 23, 2016